OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and plaintiff’s cause of action in strict products liability dismissed.
Plaintiff sustained injuries while operating a punch press owned by his employer third-party defendant Records Reserve Corp. Records Reserve had purchased the press in used condition from defendant Batavia Atomic Horseshoes. In awarding damages to plaintiff, the jury concluded that Batavia was a regular seller of used goods and thus, under the court’s instructions, accountable to plaintiff under the theory of strict products liability.
A trial court’s finding of fact, if affirmed by the Appellate Division, is beyond the review powers of this Court provided the finding is supported by evidence on the record (CPLR 5501 [b]; NY Const, art VI, § 3 [a]; Simon v Electrospace Corp., 28 NY2d 136, 142; Matter of Kelly, 285 NY 139, 142). The evidence in this record, however, fails to support the jury’s finding that Batavia engaged in sales of equipment as a "regular part of its business” (see, Sukljian v Ross & Son Co., 69 NY2d 89, 95).
Batavia’s business was the manufacture and sale of horseshoes. It had engaged in incidental transactions involving the purchase and resale of used industrial machinery on three occasions, once before the sale to Records Reserve and once subsequent to it. In each transaction, it purchased used equipment in lots intending to keep much of the machinery for its own purposes. The press sold to Records Reserve was never unloaded at Batavia, but instead sold directly off the truck that had transported it from an equipment auction and was in the possession of Batavia at its facility for approximately one hour before Records Reserve took delivery of it.
Because this evidence fails as a matter of law to support a finding that Batavia was a regular seller of used goods, we need not reach the question reserved in Sukljian and submitted by the parties to this appeal, i.e., whether the doctrine of strict products liability applies to regular sellers of used goods.
*952 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order reversed, etc.