■ DAVID N. COLOPY, Respondent, v PITMAN MANUFACTURING COMPANY, INC., Defendant, and EASTMAN KODAK COMPANY, Appellant. [615 NYS2d 208] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for personal injuries he allegedly sustained while operating a hydraulic boom truck purchased from defendant Eastman Kodak Company (defendant) by his employer. Defendant moved for summary judgment dismissing the complaint. In support of its motion, defendant submitted proof that it had sold only eight similar pieces of equipment in the 25 years preceding the accident. That proof is sufficient to establish that defendant was only a casual or occasional seller of such equipment and that it may not be held liable under principles of strict products liability *(see, Stiles v Batavia Atomic Horseshoes,* 81 NY2d 950, *rearg denied* 81 NY2d 1068; *Sukljian v Ross & Son Co.,* 69 NY2d 89; *Goldman v Packaging Indus.,* 144 AD2d 533, 536). Nor can defendant be considered "a merchant with respect to goods of that kind" within the meaning of UCC 2-314 (1) *(see, Kates Millinery v Benay-Albee Corp.,* 114 Misc 2d 230, *affd* 120 Misc 2d 429; Prosser and Keeton, Torts § 100, at 705 [5th ed]). Thus, we grant in part defendant's motion for summary judgment by dismissing the first cause of action alleging strict products liability and that part of the third cause of action alleging breach of implied warranty of merchantability.

With respect to the second, fourth and fifth causes of action

and that part of the third cause of action alleging breach of implied warranty of fitness for a particular purpose, defendant failed to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Because defendant failed to meet its burden in moving for summary judgment, it is not necessary to consider the sufficiency of plaintiff's opposing papers *(see, Ayotte v Gervasio,* 81 NY2d 1062, 1063). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.