■ GARY PIPER et al., Respondents, v KABAR MANUFACTURING CORPORATION, Respondent, and ALL-FLOW, INC., Appellant. [674 NYS2d 184] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the motion of defendant All-Flow, Inc. (All-Flow), seeking summary judgment dismissing the third cause of action, alleging strict products liability. All-Flow was only a casual lessor of a heat sealing machine to Tensar Structures, Inc. (Tensar), the employer of Gary Piper (plaintiff), and thus All-Flow cannot be held strictly liable for plaintiff's injury. "[W]here distribution of an allegedly defective product is incidental to defendant's regular business the principles of strict products liability have no relevance" (*Sukljian v Ross & Son Co.*, 69 NY2d

89, 96). Plaintiffs cite no authority to support their contention that there is an exception to that rule where the lessor is aware of dangers that would not necessarily come to the attention of the lessee or its employees.

The court, however, properly denied that part of All-Flow's motion seeking summary judgment dismissing the first cause of action, alleging negligence in maintaining and repairing the leased machine, and the fourth cause of action, alleging negligence in failing to warn of defects. All-Flow failed to establish its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). With respect to the first cause of action, the submissions of All-Flow did not establish that the accident was not caused by its negligence or recklessness in the ownership, maintenance and repair of the heat sealing machine.

With respect to the cause of action for negligent failure to warn, "[a]t most, the duty of a casual or occasional seller would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible" (*Suklijan v Ross & Son Co., supra,* at 97; *see also, Copp v Corning Glass Works,* 114 AD2d 144, 146). "The adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial'" (*Frederick v Niagara Mach. & Tool Works,* 107 AD2d 1063, 1064). In support of its motion on this cause of action, All-Flow submitted only a portion of the depositions of Peter Bonerb, Vice-President of Sales of All-Flow, and that of a Tensar employee. The Tensar employee's deposition sheds no light on All-Flow's knowledge of any defects. Bonerb denied even knowing how to turn on the heat sealing machine, and could neither locate nor discuss the contents of any manual the manufacturer might have supplied with the machine. His conclusory statement that he did not know that the machine might be dangerous if hooked up to a temporary air supply is insufficient to meet All-Flow's burden of proving a lack of knowledge of the defect that allegedly caused the machine to cycle automatically when reattached to the air supply. Given that All-Flow was leasing the machine to Tensar for $1,250 per month, it had some responsibility to understand how the machine worked and whether the alterations of which it had knowledge constituted proper or safe uses.

We modify the order, therefore, by granting that part of All-Flow's motion for summary judgment seeking dismissal of the third cause of action, alleging strict products liability. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—

Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.