■ CHIN MA, Respondent-Appellant, v RYDER TRUCK RENTAL, INC., et al., Appellants-Respondents. [705 NYS2d 243] —In an action to recover damages for personal injuries sustained in an automobile accident, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated January 22, 1999, as, upon reargument, adhered to so much of a prior order of the same court, dated September 24, 1998, as denied that branch of their motion which was for summary judgment dismissing the action insofar as asserted against the defendant Ryder Truck Rental, Inc., and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same order which, *inter alia*, adhered to so much of the prior order as granted that branch of the defendants' motion which was for summary judgment dismissing the action insofar as it is asserted against Zhidong Wu.

Ordered that the appeal by Zhidong Wu is dismissed, without costs or disbursements, on the ground that he is not aggrieved by the provision appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The defendant Ryder Truck Rental, Inc., failed to establish its entitlement to judgment as a matter of law on the question of its alleged negligent maintenance of the vehicle (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Piper v Kabar Mfg. Corp.,* 251 AD2d 1050; *Yates v Dow Chem. Co.,* 68 AD2d 907).

The plaintiff's cause of action against Zhidong Wu and any claim against Ryder Truck Rental, Inc., for vicarious liability for the negligence of Zhidong Wu are barred by the Workers' Compensation Law (*see,* Workers' Compensation Law § 29 [6]; *Lovario v Vuotto,* 266 AD2d 191; *Burke v Torres,* 120 AD2d 283; *Naso v Lafata,* 4 NY2d 585). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.