07-0507-cv
Jaramillo v. Weyerhaeuser Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2007

(Argued: March 5, 2008                                Decided: June 18, 2009)

Docket No. 07-0507-cv

_____

MARIO MIGUEL JARAMILLO,
*Plaintiff-Appellant*,

-v.-

WEYERHAEUSER COMPANY and TECHNOLOGY LICENSING ASSOCIATES, INC.,
*Defendants-Cross-Claimants-Cross-Defendants-Appellees*,

CORRUGATED GEAR AND SERVICES, INC.,
*Defendant-Cross-Claimant*,

KRAFT FOODS GLOBAL, INC. and PRIME TECHNOLOGY, INC.,
*Defendants-Cross-Defendants-Appellees*.

_____

Before:        WESLEY, LIVINGSTON, *Circuit Judges*,
               and COGAN, *District Judge*.[*]

A worker injured by a used industrial machine owned by his employer sought to hold the

machine's former owner strictly liable in tort under New York law.  The United States District Court

_____

[*]The Honorable Brian M. Cogan, United States District Judge for the Eastern District of
New York, sitting by designation.

for the Southern District of New York (Buchwald, *J.*), No. 03 Civ. 1592, 2007 WL 194011, granted defendant's motion for summary judgment, denied plaintiff's cross-motion, and dismissed the complaint. Plaintiff appealed, arguing that defendant constituted a "regular seller" of the machine such that defendant could be held strictly liable under New York products liability law. The Court of Appeals for the Second Circuit, 536 F.3d 140, certified the question to the New York Court of Appeals, and the New York Court of Appeals (Read, *J.*), 12 N.Y.3d 181, answered it, concluding that defendant was not a "regular seller" for strict liability purposes.

Affirmed.

JAMES ALEXANDER BURKE, Larkin, Axelrod, Ingrassia, & Tetenbaum, LLP, Newburgh, New York, *for Plaintiff-Appellant*.

KEVIN BURNS, Goldberg Segalla, LLP, White Plains, New York, *for Defendant-Cross-Claimant-Cross-Defendant-Appellee Weyerhaeuser Company*.

PER CURIAM:

Plaintiff-appellant Mario Miguel Jaramillo appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*), granting defendant-appellee Weyerhaeuser Company's ("Weyerhaeuser") motion for summary judgment, denying Jaramillo's cross-motion, and dismissing the complaint. *Jaramillo v. Weyerhaeuser Co. (Jaramillo I)*, No. 03 Civ. 1592, 2007 WL 194011 (S.D.N.Y. Jan. 24, 2007). On appeal, Jaramillo challenges the district court's decision that Weyerhaeuser cannot be held strictly liable under New York law for a personal injury Jaramillo sustained in 2002 while operating an industrial machine called a Flexo Folder Gluer ("FFG") that Weyerhaeuser purchased second-hand in 1971 and used for fifteen years before selling

2

it to Jaramillo's employer, Glenwood Universal Packaging ("Glenwood"), in 1986.  The district court agreed with Weyerhaeuser's contention that it cannot be held strictly liable because it was a "casual" or "occasional" seller of FFGs, not an "ordinary" or "regular" seller.  The underlying facts and procedural history are set forth in *Jaramillo v. Weyerhaeuser Co. (Jaramillo II)*, 536 F.3d 140, 142-44 (2d Cir. 2008).  Recognizing that this case required us to resolve a significant question of New York law concerning strict products liability, in *Jaramillo II* we certified the following question to the New York Court of Appeals:  "Construing the evidence in the light most favorable to Jaramillo, is Weyerhaeuser Company a 'regular seller' of used Flexo Folder Gluers such that it can be held strictly liable under New York law?"  *Id.* at 149.  The Court of Appeals accepted certification, *Jaramillo v. Weyerhaeuser Co. (Jaramillo III)*, 894 N.E.2d 649 (N.Y. 2008), and answered this question in the negative, *Jaramillo v. Weyerhaeuser Co. (Jaramillo IV)*, 12 N.Y.3d 181, 193 (2009).  Because this answer forecloses Jaramillo's strict liability action against Weyerhaeuser, we affirm the judgment of the district court.

Under New York law, "not every seller is subject to strict liability." *Sukljian v. Charles Ross & Son Co.*, 503 N.E.2d 1358, 1360 (N.Y. 1986); *accord Jaramillo IV*, 12 N.Y.3d at 188.  For strict liability purposes, New York courts have drawn a distinction between "regular" sellers, who sell a given product in the ordinary course of their business, and "casual" or "occasional" sellers, whose sale of a product is wholly incidental to the seller's regular business.  *See, e.g.*, *Sprung v. MTR Ravensburg, Inc.*, 788 N.E.2d 620, 622-23 (N.Y. 2003); *Stiles v. Batavia Atomic Horseshoes, Inc.*, 613 N.E.2d 572, 573 (N.Y. 1993); *Sukljian*, 503 N.E.2d at 1360-62.  In *Sukljian v. Charles Ross & Son Co.*, the New York Court of Appeals acknowledged two policy arguments in favor of imposing

3

strict liability on regular sellers of goods: (1) that "their continuing relationships with manufacturers" often enable such sellers "to exert pressure for the improved safety of products and [to] recover increased costs within their commercial dealings, or through contribution or indemnification in litigation"; and (2) that "by marketing the products as a regular part of their business such sellers may be said to have assumed a special responsibility to the public, which has come to expect them to stand behind their goods." 503 N.E.2d at 1360. Such policy considerations are inapplicable to the occasional seller because "[a]s a practical matter, the occasional seller has neither the opportunity, nor the incentive, nor the protection of the manufacturer or seller who puts that product into the stream of commerce as a normal part of its business, and the public consumer does not have the same expectation when it buys from such a seller." *Id.* at 1361. Accordingly, the Court of Appeals ruled in *Sukljian* that such casual or occasional sellers are not subject to claims of strict liability. *See* 503 N.E.2d at 1361-62; *see also Sprung*, 788 N.E.2d at 623; *Stiles*, 613 N.E.2d at 573.

In response to our certified question, the Court of Appeals concluded that "[t]his case is controlled by *Sukljian* and the policy considerations underlying [its] holding in that case." *Jaramillo IV*, 12 N.Y.3d at 192. While recognizing that Weyerhaeuser may have had a closer relationship with FFG manufacturers than a customer might ordinarily have with a manufacturer of equipment not unique to that customer's industry, the Court of Appeals still regarded this relationship as "general in nature" and noted that it was "even more attenuated" with respect to the FFG at issue, given that Weyerhaeuser had bought it used from a third party and sold it as surplus. *Id.* Because "there is no reason to believe that imposing strict liability on Weyerhaeuser's sales of its scrap, used FFGs would

4

create any measurable 'pressure for the improved safety of products' on FFG manufacturers," the Court of Appeals determined that the first policy goal discussed in *Sukljian* does not apply in this case. *Id.* at 192-93 (quoting *Sukljian*, 503 N.E.2d at 1360). The Court of Appeals also concluded that the second policy goal "is clearly absent here," because "buyers of Weyerhaeuser's used (third-hand, in fact) equipment at irregularly-scheduled 'as is, where is' surplus sales cannot reasonably 'expect [Weyerhaeuser] to stand behind [someone else's] goods.'" *Id.* at 192 (alterations in original) (quoting *Sukljian*, 503 N.E.2d at 1360). Because the facts of this case do not justify the imposition of strict liability on Weyerhaeuser, the Court of Appeals answered our certified question in the negative, concluding that "Weyerhaeuser Company is not a 'regular seller' of used Flexo Folder Gluers such that it can be held strictly liable under New York law." *Id.* at 193 (internal quotation marks omitted).[1]

Applying this reasoning, we affirm the district court's determination on summary judgment that Weyerhaeuser acted as a casual seller for purposes of strict products liability under New York law. *See Jaramillo I*, 2007 WL 194011, at *6. Accordingly, the district court correctly dismissed Jaramillo's strict liability claim against Weyerhaeuser. *Id.* Because Jaramillo's appeal did not oppose the dismissal of his other claims against Weyerhaeuser, *see Jaramillo II*, 536 F.3d at 144 n.3, we affirm the judgment of the district court in its entirety.

**CONCLUSION**

---

[1] Because the Court of Appeals determined that Weyerhaeuser did not qualify as a regular seller of FFGs, it did not have occasion to resolve the still-open question of whether the doctrine of strict products liability applies to regular sellers of used goods under New York law. *See, e.g.*, *Stiles*, 613 N.E.2d at 573.

5

For the foregoing reasons, we AFFIRM the judgment of the district court. We thank the New York Court of Appeals for its assistance in construing these principles of strict products liability under New York law.