■ ROBERT J. MUSSO, as Trustee of the Bankruptcy Estate of TONG LIN WU, Debtor, Respondent-Appellant, v HSING WEI CHIEN et al., Respondents, and DANIEL FERNANDEZ, Appellant. HSING CHIEN WEI et al., Respondents, v DANIEL FERNANDEZ, Appellant. [905 NYS2d 129]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered February 11, 2009, which, in an action for personal injuries sustained in New Jersey by plaintiff bankruptcy trustee's debtor while a passenger in a vehicle operated by his coworker defendant Chien and owned by defendant M.T.P. Auto Leasing & Services, denied a motion by defendant Fernandez, the driver of the other vehicle, for a ruling that New Jersey law applies, unanimously affirmed, without costs. Order, same court and Justice, entered April 22, 2009, which, insofar as appealed from as limited by the briefs, granted M.T.P.'s motion for summary judgment dismissing the complaint and Fernandez's cross claims as against it, and granted Chien's motion for summary judgment dismissing Fernandez's cross claims as against it, unanimously affirmed, without costs.

As Fernandez plainly admitted at his deposition that he was a resident of New York at the time of the accident, and as it is undisputed that all other parties resided in New York at the time of the accident, and as the law in issue, that of comparative negligence, is allocative in nature (*see Burnett v Columbus McKinnon Corp.*, 69 AD3d 58, 61 [2009]), New York law applies (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522 [1994]).

As plaintiff's claim against owner M.T.P. is vicariously based on driver Chien's alleged negligence, the claim is barred by Workers' Compensation Law § 29 (6) (*Naso v Lafata*, 4 NY2d 585 [1958]). There is no merit to plaintiff's argument that because he alleges that Fernandez's negligence contributed to the accident, i.e., that coworker's Chien's negligence was not the sole proximate cause of the accident, section 29 (6) does not apply to bar his claim against M.T.P. Whatever the extent of Fernandez's fault, it remains that plaintiff's only theory against M.T.P. is vicarious liability for Chien's negligence (*cf. id.* at 590-591).

As the release executed by Fernandez in his own action against Chien and M.T.P. clearly covered "all claims" he might have had against them, including that "arising out of that certain sequence of events that occurred at the . . . time and place [of the accident]," Fernandez's cross claims against Chien and M.T.P. in this action were properly dismissed (*see Thailer v LaRocca*, 174 AD2d 731, 733 [1991]). Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.