Rosario v Monroe Mech. Servs., Inc. (2018 NY Slip Op 00732)





Rosario v Monroe Mech. Servs., Inc.


2018 NY Slip Op 00732


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1382 CA 17-00702

[*1]LUIS ROSARIO AND DARLENA ROSARIO, PLAINTIFFS-APPELLANTS,
v
MONROE MECHANICAL SERVICES, INC., AND MONROE MECHANICAL, INC., DEFENDANTS-RESPONDENTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (MICHAEL C. BOISVERT OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ERIC JOHNSON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered September 27, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiffs commenced this negligence action seeking damages for, inter alia, injuries that Luis Rosario (plaintiff) sustained in an explosion at the scrap metal recycling company where he worked. A few weeks prior to the explosion, plaintiff's employer had purchased six used fuel pumps from defendants. Defendants' driver stated that the pumps had been drained, and the scrap yard paid defendants $320.36 for the pumps. On the day of the explosion, a heavy equipment operator at the scrap yard "mangled" two of the pumps and placed them on a conveyor belt leading to a metal shredder. Plaintiff was in the control booth operating the shredder at the time and, when the pumps were shredded, an explosion ensued that injured plaintiff. After the explosion, a coworker at the scrap yard dismantled the remaining four fuel pumps that had been purchased from defendants and discovered that each contained one to two gallons of gasoline.
Following discovery, defendants moved for summary judgment dismissing the complaint on the ground that they were casual sellers of gas pumps and owed no duty of care to plaintiff. Defendants further asserted that, even if they owed plaintiff a duty of care, they were entitled to summary judgment because the negligence of the heavy equipment operator in sending the pumps to the shredder was the sole proximate cause of the accident. Supreme Court granted the motion and dismissed the complaint on the ground that defendants' casual sale of used gas pumps was incidental to their main business and did not give rise to a duty of care to the purchaser of the pumps. We reverse.
"The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" (Hamilton v Beretta U.S.A. Corp, 96 NY2d 222, 232 [2001]). Viewing the evidence in the light most favorable to the nonmoving party, as we must, we agree with plaintiffs that defendants failed to "make a prima facie showing of entitlement to judgment as a matter of law, [by] tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]). Although it is well settled that casual or occasional sellers of products do "not undertake the special responsibility for public safety assumed by those in the business of regularly supplying those products" (Clute v Paquin, 219 AD2d 783, 784 [3d Dept 1995]; see Gebo v Black Clawson Co., 92 NY2d 387, 394 [1998]), the evidence submitted by defendants in [*2]support of their motion failed to establish that their sale of gas pumps was "wholly incidental" to their business of installing and servicing petroleum distribution systems (Sukljian v Ross & Son Co., 69 NY2d 89, 96 [1986]; see Nutting v Ford Motor Co., 180 AD2d 122, 127 [3d Dept 1992]).
Even assuming, arguendo, that defendants were merely casual sellers of used gas pumps, we cannot conclude as a matter of law that defendants owed no duty to plaintiff. Even casual sellers owe a duty to warn of dangers that are not open and obvious or readily discernable (see Piper v Kabar Mfg. Corp., 251 AD2d 1050, 1051 [4th Dept 1998]; Colopy v Pitman Mfg. Co., 206 AD2d 864, 864 [4th Dept 1994]; Stiles v Batavia Atomic Horseshoes, 174 AD2d 287, 292 [4th Dept 1992], revd on other grounds 81 NY2d 950, 951 [1993], rearg denied 81 NY2d 1068 [1993]). The determination "[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Calandrino v Town of Babylon, 95 AD3d 1054, 1056 [2d Dept 2012] [internal quotation marks omitted]). A drained fuel pump may present an obvious danger insofar as it contains gas vapors or some trace amount of gasoline, and thus there may be no duty to warn a purchaser of such. The circumstances here, however, are quite different, and we cannot conclude that there is no duty as a matter of law to warn a scrap yard of gallons of gasoline concealed inside a fuel pump that has been sold to the scrap yard with the explicit representation that the pump has been drained.
Finally, we reject defendants' contention that, even if they owed plaintiff a duty of care, summary judgment dismissing the complaint is warranted because the action of plaintiff's coworker was the sole proximate cause of plaintiff's injuries and defendants merely "furnished the condition" for the accident. "As a general rule, the question of proximate cause is to be decided by the finder of fact, aided by appropriate instructions" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312 [1980], rearg denied 52 NY2d 784 [1980]; see Ard v Thompson & Johnson Equip. Co., Inc., 128 AD3d 1490, 1491 [4th Dept 2015]). We conclude that the action of plaintiff's coworker in sending the pumps to the shredder was "within the class of foreseeable hazards" (Di Ponzio v Riordan, 89 NY2d 578, 584 [1997]). Thus "a jury could rationally [find] that . . . there was a causal connection between [defendants' alleged] negligence and plaintiff's injuries' " (Ard, 128 AD3d at 1491, quoting McMorrow v Trimper, 149 AD2d 971, 972 [4th Dept 1989], affd for the reasons stated 74 NY2d 830, 832 [1989]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court