Bryant v Gulnick (2022 NY Slip Op 07284)

Bryant v Gulnick

2022 NY Slip Op 07284

Decided on December 22, 2022

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534472

[*1]Carla F. Bryant, Respondent-Appellant,
v
Burton Gulnick Jr., as Administrator of the Estate of Barbara A. Hyde, Respondent, and Jewish Family Services of Ulster County, Inc., Appellant-Respondent.

Calendar Date:November 16, 2022

Before: Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Hancock Estabrook, LLP, Syracuse (Seth M. Weinberg of Mauro Lilling Naparty LLP, Woodbury, of counsel), for appellant-respondent.
O'Connor & Partners, PLLC, Kingston (Regina Fitzpatrick of counsel), for respondent-appellant.
Law Office of Brian D. Richardson, Albany (Brian D. Richardson of counsel), for respondent.

Egan Jr., J.P.
Cross appeals from an order of the Supreme Court (James P. Gilpatric, J.), entered November 4, 2021 in Ulster County, which, among other things, searched the record and granted partial summary judgment to plaintiff.
In 2018, the Ulster County Office for the Aging (hereinafter OFA), a department of the County of Ulster, had an agreement with defendant Jewish Family Services of Ulster County, Inc. (hereinafter JFS), a nonprofit corporation, to collaborate on a volunteer transportation program for senior citizens. The collaboration took the form of a Neighbor to Neighbor program in which volunteers drove senior citizens to medical appointments in their personal vehicles and were reimbursed for mileage. Barbara A. Hyde was one of those volunteers and, on January 8, 2018, agreed to drive Joyce Northacker to a medical appointment. As Hyde and Northacker were heading westbound in Hyde's 2002 Kia on State Route 28 in the Town of Shandaken, Ulster County, Hyde lost control of her vehicle and slid sideways into the eastbound lane, where she collided with a 2004 Orion bus owned by the County and operated by plaintiff. Plaintiff, Northacker and Hyde were all injured in the accident, and Hyde died later the same day.
In January 2019, plaintiff brought an application for leave to serve a late notice of claim against the County and OFA arising out of the accident. The County and OFA opposed the application and cross-moved to dismiss the notice of claim if leave was granted, arguing that the workers' compensation benefits plaintiff had sought and received were her exclusive remedy because the accident occurred while both she and Hyde were in the course of their employment, be it volunteer or paid, with the County (see Workers' Compensation Law §§ 11, 29 [6]). In an order entered in May 2019 (hereinafter the 2019 order), Supreme Court (Fisher, J.) granted leave to serve a late notice of claim but, agreeing that a claim against the County and OFA could not succeed because plaintiff's exclusive remedy was workers' compensation benefits, also granted the cross motion. There is no indication that plaintiff appealed from that order.
In April 2019, plaintiff commenced the present action against the administrator of Hyde's estate, defendant Burton Gulnick Jr., as well as JFS, alleging that Hyde's negligent driving was the cause of the accident and that JFS was vicariously liable.[FN1] Following joinder of issue and discovery, plaintiff moved for partial summary judgment against Gulnick on the issue of liability. Gulnick cross-moved for dismissal of the complaint, arguing, among other things, that plaintiff's claim against Hyde's estate was barred by Workers Compensation Law § 29 (6) and that the 2019 order precluded her from arguing otherwise.[FN2] JFS separately moved for summary judgment dismissing the complaint, incorporating the arguments raised by Gulnick. Supreme Court (Gilpatric, J.) thereafter issued an order in which it determined that the holding in the 2019 order [*2]that plaintiff and Hyde were coemployees was the law of the case and that plaintiff was therefore barred from pursuing a claim against Hyde's estate. The court accordingly granted Gulnick's cross motion. Supreme Court further held that JFS could not avail itself of the law of the case doctrine since it was not a party in the proceeding that led to the 2019 order. Supreme Court also determined that plaintiff had established that JFS was vicariously liable for the conduct of Hyde and, notwithstanding plaintiff's failure to move for summary judgment against JFS, granted summary judgment to plaintiff on the issue of JFS' liability. JFS appeals and plaintiff cross appeals.[FN3]
Addressing the preclusive effect of the 2019 order, the law of the case doctrine does not apply to "this action[,] which is subsequent to and separate and distinct from the" one that resulted in that order (State of New York v Travelers Indem. Co. of R.I., 120 AD2d 251, 253-254 [3d Dept 1986], appeal dismissed 69 NY2d 900 [1987], lv dismissed 70 NY2d 669 [1987]; see Matter of McGrath v Gold, 36 NY2d 406, 413 [1975]; Matter of Village of Endicott [Village of Endicott Police Benevolent Assn., Inc.], 182 AD3d 738, 740 [3d Dept 2020]; see generally People v Evans, 94 NY2d 499, 502 [2000]). Collateral estoppel is applicable, however, and that doctrine "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party
. . ., whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; accord Parker v Blauvelt Vol. Fire Co., Inc., 93 NY2d 343, 349 [1999]; see Matter of Terry v County of Schoharie, 162 AD3d 1344, 1346 [3d Dept 2018]).[FN4] Collateral estoppel "applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Vol. Fire Co., Inc., 93 NY2d at 349; see Simmons v Trans Express Inc., 37 NY3d 107, 112 [2021]).
As collateral estoppel requires that an issue was necessarily decided in the prior proceeding, "a finding which is but an alternative ground for the prior court's decision" will not ordinarily be given preclusive effect (Malloy v Trombley, 50 NY2d 46, 49 [1980]; see Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 668 [3d Dept 2000]). Collateral estoppel will apply, however, where the finding was "fully litigated, actually decided and . . . afforded thorough and careful treatment in an opinion of the court that made clear that the judge had the possible preclusive effect of the finding[] in mind" (Church v New York State Thruway Auth., 16 AD3d 808, 812 n [3d Dept 2005]; see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]; Malloy v Trombley, 50 NY2d at 52; Peterkin v Episcopal Social Servs. of N.Y., Inc., 24 AD3d 306, 308 [1st Dept [*3]2005]; cf. Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199-200 [2008]).
Here, the County and OFA cited Workers' Compensation Law §§ 11 and 29 (6) in their motion to dismiss plaintiff's notice of claim against them. Workers' Compensation Law § 11 provides that, with regard to his or her employer, workers' compensation benefits "shall be exclusive and in place of any other liability to the employee or his [or her] dependents for the injury or death of the employee" (Cunningham v State of New York, 60 NY2d 248, 251 [1983]; see Isabella v Hallock, 22 NY3d 788, 792 [2014]). Workers' Compensation Law § 29 (6), in turn, makes workers' compensation benefits "the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ" (see Cunningham v State of New York, 60 NY2d at 251; Naso v Lafata, 4 NY2d 585, 589 [1958]; Roberts v Gagnon, 1 AD2d 297, 301 [3d Dept 1956]). Further, as Workers' Compensation Law § 29 (6) "deprive[s] the injured employee of a right to maintain an action against a negligent coemployee, [it also] bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided" (Rauch v Jones, 4 NY2d 592, 596 [1958]; accord Isabella v Hallock, 22 NY3d at 794-795; see Naso v Lafata, 4 NY2d at 590-591; Szumowski v PV Holding Corp., 90 AD3d 415, 415 [1st Dept 2011]; Musso v Hsing Wei Chien, 73 AD3d 466, 466 [1st Dept 2010]; Chin Ma v Ryder Truck Rental, 270 AD2d 301, 301 [2nd Dept 2000]).
The County and OFA claimed that plaintiff did not have a valid claim against them both because they were her employer and because she and Hyde were coemployees acting in the course of their employment when Hyde's negligence purportedly caused the accident; accordingly, they could have relied upon either Workers' Compensation Law § 11 or Workers' Compensation Law § 29 (6). A review of the papers supporting their cross motion establishes, however, that they focused upon the provisions of Workers' Compensation Law § 29 (6). Plaintiff thereafter had a full and fair opportunity to respond to that issue, which was discussed at length in the 2019 order. Indeed, Supreme Court (Fisher, J.) only discussed the applicability of Workers' Compensation Law § 29 (6) in the 2019 order and expressly held that the provisions of that statute applied because "both [plaintiff] and Hyde were within the same employ and acting within the scope of employment at the time the alleged injuries occurred, therefore rendering them co-employees which results in workers' compensation being the exclusive remedy."[FN5] Accordingly, under the circumstances of this case, the issue of whether plaintiff and Hyde were coemployees was "actually litigated, squarely addressed and specifically decided" against plaintiff (Ross v Medical Liab. Mut. Ins. Co., 75 NY2d at 826; see Peterkin v Episcopal Social Servs. of N.Y., Inc[*4]., 24 AD3d at 308). As plaintiff did not appeal from the 2019 order, it follows that she is precluded from relitigating the issue in this action. Therefore, as Supreme Court (Gilpatric, J.) determined, plaintiff's exclusive remedy for the negligence of her coemployee, Hyde, is workers' compensation benefits, and the claim against Gulnick was properly dismissed (see Lane v Flack, 73 AD2d 65, 66-67 [3d Dept 1980], affd 52 NY2d 856 [1981]).
Next, although we are unpersuaded by JFS' contention that the record establishes its lack of supervision or control over Hyde and similar volunteers, we nevertheless agree with it that Supreme Court should have also granted its cross motion for summary judgment dismissing the claim against it. Plaintiff's claim against JFS is premised upon the theory that JFS exercised sufficient control over Hyde to render it vicariously liable for her negligence. The issue of whether plaintiff and Hyde are coemployees has been resolved against plaintiff with preclusive effect, however, and plaintiff's exclusive remedy for the negligence of Hyde is therefore workers' compensation benefits. As noted above, as Workers' Compensation Law § 29 (6) "deprive[s] the injured employee of a right to maintain an action against a negligent coemployee, [it also] bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided" (Rauch v Jones, 4 NY2d at 596; accord Isabella v Hallock, 22 NY3d at 794-795). Thus, as "plaintiff[] did not assert any allegation that [JFS] had committed an act constituting affirmative negligence," the cross motion of JFS for summary judgment dismissing the complaint against it should have been granted (Szumowski v PV Holding Corp., 90 AD3d at 415).
The remaining contentions of the parties, to the extent that they are properly before us and have not been rendered academic by the foregoing, have been examined and found to lack merit.
Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the motion by defendant Jewish Family Services of Ulster County, Inc. for summary judgment dismissing the complaint against it and (2) searched the record and partially granted summary judgment to plaintiff on the issue of liability; partial summary judgment denied, motion of defendant Jewish Family Services of Ulster County, Inc. granted and complaint dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: Northacker brought separate suits against various individuals and entities, including plaintiff, to recover for her injuries (see Northacker v County of Ulster, ___ AD3d ___ [3d Dept 2022] [decided herewith]).

Footnote 2: Although Gulnick delineated his cross motion as one to dismiss, "it was properly a motion for summary judgment based upon CPLR 3211 (a) grounds," given that it was made following joinder of issue (Matter of Fernandez v Town of Benson, 196 AD3d 1019, 1021 n 3 [3d Dept 2021]; see DiCenzo v Mone, 200 AD3d 1162, 1164 [3d Dept 2021]).

Footnote 3: This Court granted the motion of JFS for a stay pending appeal (2022 NY Slip Op 67632 [U] [3d Dept 2022]).

Footnote 4: Contrary to plaintiff's suggestion, although the 2019 order was not dispositive of "the entire merits of [her] case" since it dismissed her notice of claim on specified grounds, it does have preclusive effect for "whatever [issues] it determined," if that effect is otherwise warranted (Siegel, NY Prac § 276 at 522-523 [6th ed 2018]; cf. Bruni v County of Otsego, 192 AD2d 939, 941 [3d Dept 1993]).

Footnote 5: As the County and OFA focused upon the applicability of Workers' Compensation Law § 29 (6) in their cross motion, and Supreme Court (Fisher, J.) granted the cross motion on that basis, the discussion of that argument in the 2019 order was accordingly necessary to assess the merits of the cross motion and was not, contrary to plaintiff's assertion, dicta (see Rockwell v Despart, 205 AD3d 1165, 1166-1167 [3d Dept 2022]).