Matter of Shara v Van Fossen

2026 NY Slip Op 02707

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of James Shara, Respondent,

v

Jason R. Van Fossen, as Superintendent of the Maine- Endwell Central School District, et al., Appellants, et al., Respondent.

Decided and Entered:April 30, 2026

CV-25-0883

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Bond, Schoeneck & King, PLLC, Syracuse (Angelo D. Catalano of counsel), for appellants.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for James Shara, respondent.

[*1]

Ryba, J.

Appeal from an order of the Supreme Court (Joseph McBride, J.), entered February 12, 2025 in Broome County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, denied certain respondents' motion to dismiss the petition/complaint.

As alleged in the petition/complaint, petitioner was formerly employed as a school bus driver for respondent Maine-Endwell Central School District (hereinafter the School District) while also serving as vice president of the employee organization representing its bus drivers (hereinafter the Union). In 2019, the School District placed petitioner on administrative leave and terminated his employment after he raised various safety concerns on behalf of the Union. The Union thereafter filed an improper practice charge with the Public Employment Relations Board (hereinafter PERB) alleging that the School District's conduct was retaliation for petitioner's participation in protected union activities. Although the Union ultimately prevailed in the PERB proceeding and petitioner was reinstated to his employment effective December 11, 2023, the School District immediately filed disciplinary charges against petitioner upon his return to work. Disciplinary proceedings pursuant to Civil Service Law § 75 ensued, concluding with respondent Board of Education of Maine-Endwell Central School District (hereinafter the School Board) issuing a determination terminating petitioner's employment effective June 14, 2024.

In October 2024, petitioner commenced this combined CPLR article 78 proceeding and plenary action against, as is relevant here, the School District and respondents superintendent, president, vice president and individual members of the School Board (hereinafter collectively referred to as respondents) seeking to annul the determination terminating his employment and alleging retaliatory discharge in violation of Civil Service Law § 75-b as well as due process violations under 42 USC § 1983.FN1 Respondents moved to dismiss the petition/complaint, arguing that petitioner's claims failed to state a cause of action, were improperly asserted against the individual respondents, and were barred by the doctrine of collateral estoppel due to determinations made in the PERB proceeding. Supreme Court denied the motion to dismiss, finding that petitioner sufficiently stated claims for relief pursuant to CPLR article 78, Civil Service Law § 75-b and 42 USC § 1983. With respect to respondents' collateral estoppel argument, Supreme Court found that respondents' failure to offer the record of the PERB proceeding precluded dismissal on this ground. Accordingly, Supreme Court directed respondents to file and serve an answer with the certified record.FN2 Respondents appeal, challenging only the denial of their motion to dismiss petitioner's causes of action asserted pursuant to Civil Service Law § 75-b and 42 USC § 1983.

First, we reject respondents' contention that Supreme Court erred in denying their motion to dismiss [*2]the petition/complaint on collateral estoppel grounds. Collateral estoppel, also known as "issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party," regardless of the legal context in which the issue was raised (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999] [internal quotation marks and citation omitted]; see Bryant v Gulnick, 212 AD3d 78, 82 [3d Dept 2022]; Rockwell v Despart, 205 AD3d 1165, 1167 [3d Dept 2022]). The doctrine is, as a result, "applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies" (Ryan v New York Tel. Co., 62 NY2d 494, 499 [1984]; see Matter of Kibler v New York State Dept. of Correctional Servs., 91 AD3d 1218, 1220 [3d Dept 2012], lv denied 19 NY3d 803 [2012]). The preclusive effect of collateral estoppel applies only to identical "issues that were actually litigated, squarely addressed and specifically decided" in the prior matter (Church v New York State Thruway Auth., 16 AD3d 808, 810 [3d Dept 2005] [internal quotation marks and citation omitted]; see Matter of Theopheles v County of Rensselaer,229 AD3d 1026, 1029 [3d Dept 2024]).On a motion to dismiss, "[t]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349 [internal quotation marks and citation omitted]; see Matter of Nesconset Ctr. for Nursing & Rehabilitation v Commissioner of Health of the State of N.Y., 225 AD3d 956, 958 [3d Dept 2024], lv denied 42 NY3d 904 [2024]; Abele v City of Albany, N.Y., 214 AD3d 1107, 1109 [3d Dept 2023]).

Here, inasmuch as respondents failed to include the underlying record from the PERB proceeding in support of their motion to dismiss, Supreme Court was unable to evaluate whether and to what extent the issues raised in this matter were identical to those decided in the PERB proceeding. To the extent that respondents seek application of the doctrine of collateral estoppel related to findings made by PERB in the context of petitioner's proceeding to enforce its reinstatement order, the record was also insufficient to render a determination. In view of the above, Supreme Court properly found that respondents failed to demonstrate that dismissal on collateral estoppel grounds was warranted (see e.g. Capitaland United Soccer Club v Capital Dist. Sports & Entertainment, 238 AD2d 777, 780 [3d Dept 1997]).

We likewise reject respondents' argument that the allegations in the petition/complaint were insufficient to state a cause of action for retaliatory discharge pursuant to Civil Service Law § 75-b. That statute prohibits a public employer from, among other things, taking adverse employment actions against an employee in retaliation for reporting what the employee reasonably believes to be improper governmental action (see Civil Service Law § [*3]75-b [2] [a]; Matter of Hardy v Kraham, 224 AD3d 946, 949-950 [3d Dept 2024]). Here, petitioner alleges that he was first terminated after reporting bus safety issues and that, after the Union successfully challenged that termination and PERB directed his reinstatement, the School Board passed a resolution to proceed with new disciplinary charges minutes after reinstating his employment. Liberally construing these allegations in petitioner's favor, affording petitioner the benefit of every favorable inference and accepting the facts alleged as true, we find that they sufficiently state a claim for retaliation in violation of Civil Service Law § 75-b (see Lilley v Greene Cent. Sch. Dist., 168 AD3d 1180, 1182 [3d Dept 2019]). Applying the same liberal pleading standard to the 42 USC § 1983 cause of action, petitioner's allegations that respondents infringed upon his constitutional freedom of association and his property interest in continued employment set forth a cognizable cause of action predicated upon alleged due process violations (see State Emp. Bargaining Agent Coalition v Rowland,718 F3d 126, 132 [2d Cir 2013], cert dismissed 571 US 1116 [2014], cert denied 571 US 1170 [2014]; Ciambriello v County of Nassau, 292 F3d 307, 313 [2d Cir 2002]). Accordingly, Supreme Court properly found that a 42 USC § 1983 claim was sufficiently stated.

However, we reach a different conclusion with respect to that portion of respondent's motion which sought dismissal of petitioner's claims against the individual respondents. To the extent that petitioner's Civil Service Law § 75-b cause of action is asserted against certain of the individual respondents, such a claim cannot be maintained against individual public employees (see Frank v State of N.Y., Off. of Mental Retardation & Dev. Disabilities, 86 AD3d 183, 188 [3d Dept 2011]; Moore v County of Rockland, 192 AD2d 1021, 1024 [3d Dept 1993]). As for the 42 USC § 1983 claim, it is well settled that liability will not attach to a government employee in his or her official capacity (see Corvetti v Town of Lake Pleasant,146 AD3d 1118, 1124-1125 [3d Dept 2017]; Shelton v New York State Liq. Auth.,61 AD3d 1145, 1148 [3d Dept 2009]), and only attaches to such an employee in their individual capacity if they were "personally involved" in the alleged constitutional violation (Lewis v Annucci, 154 AD3d 1025, 1026 [3d Dept 2017] [internal quotation marks and citations omitted]; see Johnson v Collyer, 191 AD3d 1192, 1194 [3d Dept 2021]). To that end, petitioner was required to "allege particular facts indicating that each of the individual [respondents] was personally involved in the deprivation of [his] constitutional rights; mere bald assertions and conclusions of law do not suffice" (Johnson v Collyer, 191 AD3d at 1194 [internal quotation marks and citations omitted]; see Corvetti v Town of Lake Pleasant,146 AD3d at 1126; Shelton v New York State Liq. Auth.,61 AD3d at 1148). The mere assumption that the individual [*4]respondents were personally involved simply by virtue of their official positions is insufficient (see Shelton v New York State Liquor Auth.,61 AD3d at 1148-1149). In the present case, petitioner did not articulate specific facts to identify the manner in which each of the individual respondents personally engaged in conduct that violated his constitutional rights. Under these circumstances, Supreme Court should have granted the motion to dismiss with respect to the individual respondents.

We have examined the remaining contentions of the parties and have found them to be without merit or otherwise unnecessary to address.

Garry, P.J., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the portion of the motion seeking dismissal of the claims against respondents Jason R. Van Fossen, Melinda Spooner, Lynn Ross, Gregg Armezzani, Lindsey Stanton, Michael Chudacik, Megan Gorski, Kathy Baker and Brady Lindsey; motion granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1

Petitioner also named counsel for the School District and School Board as a party, but he was not involved in the motion practice at issue here.

Footnote 2

We note that the portion of the petition/complaint challenging the disciplinary determination pursuant to CPLR article 78 was transferred to this Court after the appealed-from order was issued, where it remains pending (2026 NY Slip Op 62008[U] [3d Dept 2026]; 2025 NY Slip Op 77895[U] [3d Dept 2025]).