Matter of Ingber (2020 NY Slip Op 07964)





Matter of Ingber


2020 NY Slip Op 07964


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

530401

[*1]In the Matter of the Estate of Jack S. Ingber, Deceased. Keith Ingber et al., as Coexecutors of the Estate of Jack S. Ingber, Deceased, Appellants; Catskill Hudson Bank, Respondent.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Keith Ingber, Thompson Ridge, appellant pro se, and for Audrey Ingber Bender, appellant.
Marvin Newberg, Monticello, for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Surrogate's Court of Sullivan County (LaBuda, S.), entered July 1, 2019, which validated respondent's claim against decedent's estate.
This is the latest of several lawsuits involving Jack S. Ingber (hereinafter decedent), 230-275 Realty, LLC (hereinafter the LLC) and respondent involving unpaid loans. On or about May 29, 2003, respondent loaned funds to the LLC to purchase property located in Sullivan County. The LLC executed a note and a mortgage securing the property. In 2008, decedent, as the managing member of the LLC, signed a personal guaranty for the LLC's obligation under the mortgage note, and additionally executed a commercial pledge agreement, pledging 8,384 shares of his stock in respondent as additional collateral for payment of the LLC's mortgage. In 2009, respondent commenced a foreclosure action in Sullivan County against the LLC but did not name decedent as a party in that action. The LLC filed counterclaims against respondent alleging, as relevant here, that respondent had tortuously interfered with the LLC's tenant, breached fiduciary duties owed to the LLC, and engaged in fraud and extortion. In a 2011 decision and order, Supreme Court (Gilpatric, J.) granted respondent summary judgment and dismissed the LLC's counterclaims. In a subsequent 2013 judgment, Supreme Court granted respondent a deficiency judgment against the LLC in the sum of $295,010.58, and authorized respondent to enforce the judgment against decedent's stock pursuant to the aforementioned pledge agreement, which respondent proceeded to do.
In 2015, decedent commenced an action in Orange County against respondent and its officers and directors, alleging, among other things, that respondent's sale of the stock was untenable in that decedent was not a party to the 2009 foreclosure action, that said sale was premature and took place without proper notice, that respondent breached its fiduciary duties to decedent, and that respondent engaged in self-dealing and fraud. Upon decedent's death in May 2016, decedent's two children, petitioners herein, were appointed as coexecutors of decedent's estate and were substituted as the plaintiffs in the Orange County action. In December 2017, petitioners moved to amend the complaint in that action for a third time [FN1] to include a ninth cause of action, which sought to declare that no action could be maintained against decedent on the personal guaranty because, as petitioners claimed, no action was ever instituted against decedent, he was not a party to the foreclosure action and the statute of limitations had expired. Petitioners simultaneously moved for summary judgment. Respondent cross-moved for summary judgment. In 2018, Supreme Court (Onofry, J.) granted the motion to amend the complaint, then dismissed the ninth cause of action on the merits, denied petitioners' motion for summary judgment and granted respondent's cross motion for summary judgment. Petitioners appealed that order [*2]to the Second Department, and that appeal is still pending.
Meanwhile, petitioners commenced this probate proceeding in Surrogate's Court. Respondent filed a claim in that court against decedent's estate, seeking payment of $209,132.31, consisting of the balance remaining on three loans that decedent received during his lifetime ($87,809.25) and the balance owed on the LLC's deficiency judgment ($121,323.06). Petitioners sought dismissal of respondent's claim against the estate or, alternatively, a stay pending the outcome of the appeal before the Second Department. Surrogate's Court conducted a hearing on the claim pursuant to SCPA 1808. Regarding the amount of the claim and how it had been ascertained, respondent called its Chief Executive Officer and Chairperson, Mario Martinez. Martinez testified that the amount of the claim had been determined by adding the balances due on three personal loans extended to decedent, plus the balance on the deficiency judgment [FN2] owed to the LLC. Martinez further testified that no payments had been received since decedent's death. His testimony was supported by various bank documents that were admitted into evidence without objection.[FN3] Surrogate's Court found that respondent had a valid and enforceable claim against decedent's estate and that petitioners were attempting to relitigate the 2013 order of Supreme Court (Gilpatric, J.) granting a deficiency judgment as well as issues that were decided by Supreme Court (Onofry, J.) in its 2018 order. Petitioners appeal.
Petitioners first contend that respondent failed to prove its claim for repayment of the three loans allegedly made by respondent to decedent, since the documents admitted into evidence did not meet the best evidence rule (see CPLR 4518 [a]) and were not authenticated (see CPLR 4539 [b]). At the beginning of the hearing, respondent marked as exhibits three credit agreement and disclosure forms signed by decedent, a record of payment for each loan, the commercial guaranty signed by decedent, a bank recoveries form and the deficiency judgment in favor of respondent and against the LLC. The exhibits were then shown to petitioner Keith Ingber, acting as counsel for the estate, who stated, "I have no objection to them going into evidence for what they are worth." Petitioners did not object during Martinez's testimony, nor did they make a motion to strike his testimony.
Initially, we note that, because petitioners failed to object to Martinez's testimony, the issue was not preserved and is thus beyond our scope of review (see CPLR 4017, 5501 [a] [3]; Osborne v Schoenborn, 216 AD2d 810, 811 [1995]). Even if preservation were not an issue, in failing to object to the admission of the documents, petitioners have waived any future objection that they may have to them. "When a timely objection is not made, the testimony offered is presumed to have been unobjectionable and any alleged error considered waived" (Horton v Smith, 51 NY2d 798, 799 [1980[*3]] [citations omitted]; see Cocca v Conway, 283 AD2d 787, 788 [2001], lv denied 96 NY2d 721 [2001]; Pilon v Pilon, 278 AD2d 760, 760 [2000]; Isaacson v Karpe, 84 AD2d 868, 869 [1981]). Moreover, we agree with Surrogate's Court that it is disingenuous for petitioners to question the validity of documents entered into evidence with their consent.[FN4]
Petitioners next argue that, for various reasons, decedent's estate is not liable for the deficiency judgment against the LLC. Surrogate's Court did not address the merits of these arguments, instead finding that they had been previously decided in the Orange County action and the Sullivan County foreclosure action, and that petitioners were attempting to relitigate the issues. "Collateral estoppel is a flexible doctrine that precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d 113, 116 [2018] [internal quotation marks and citations omitted]). "The policies underlying its application are avoiding relitigation of a decided issue and the possibility of an inconsistent result" (Buechel v Bain, 97 NY2d 295, 303 [2001] [citation omitted], cert denied 535 US 1096 [2002]. "To establish collateral estoppel, it must be shown that a decisive issue in the current action [or proceeding] is identical to an issue resolved in a prior action [or proceeding], and that there was a full and fair opportunity to litigate that issue in the prior [action or] proceeding" (Wen Mei Lu v Wen Ying Gamba, 158 AD3d 1032, 1035 [2018] [citations omitted]).
In the Orange County action, Supreme Court (Onofry, J.) found that the stock pledge was properly and timely enforced and respondent was not required to provide decedent with notice of the sale of the stock. The court further found that the stock pledge was a guaranty and the six-year statute of limitations had not expired because respondent moved to enforce the stock pledge in the foreclosure action. Lastly, the court found that the LLC, and decedent personally, had a full and fair opportunity to litigate issues regarding tortious interference, breach of fiduciary duties, fraud and extortion in the foreclosure action in Sullivan County and were collaterally estopped from doing so in the Orange County action.
Petitioners' current contentions were set forth in the ninth cause of action of the third amended complaint in the Orange County action and were heard and determined, and the cause of action was dismissed by Supreme Court (Onofry, J.) in the Orange County action and are on appeal before the Second Department. The same parties are involved in the Orange County action and this Surrogate's Court proceeding, and the parties had a full and fair opportunity to litigate these identical issues. Furthermore, there is a risk of inconsistent determinations [*4]if both this Court and the Second Department were to make findings on the issues. Lastly, Surrogate's Court granted leave to petitioners to amend the judicial settlement of accounting if the Second Department reverses the order in the Orange County action. We agree with Surrogate's Court that petitioners are precluded from relitigating these issues.
Garry, P.J., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Petitioners filed and served a second amended verified complaint on or about June 8, 2015.

Footnote 2: The balance due under the deficiency judgment had been reduced by the value that respondent derived from the sale of decedent's stock pursuant to the 2013 order of Supreme Court (Gilpatric, J.).

Footnote 3: Interestingly, the transcript evinces that petitioners did not raise a single objection throughout the entirety of the hearing.

Footnote 4: Petitioners now argue that Ingber's statement to the effect that he had no objection to the admission of the documents "for what they are worth" limits their waiver. We disagree. Surrogate's Court, as the arbiter of evidence, established their worth as substantial.