Matter of Molnar v JRL S. Hampton, LLC (2023 NY Slip Op 00140)

Matter of Molnar v JRL S. Hampton, LLC

2023 NY Slip Op 00140

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

534670
[*1]In the Matter of the Claim of John Molnar, Appellant,
v
JRL South Hampton, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Law Offices of Melissa A. Day, PLLC, Amherst (Shannan M. Mackey of counsel), for JRL South Hampton, LLC and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed December 23, 2021, which, among other things, ruled that the instant claim is precluded because it was previously litigated before the Workers' Compensation Board and was disallowed.
In March 2021, claimant, an auto mechanic, filed a claim for workers' compensation benefits alleging an occupational disease of the bilateral wrists and hands with a date of disablement of February 4, 2021. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim (hereinafter the instant claim), asserting, among other defenses, that there was no causal relationship and that the instant claim was duplicative of two prior claims. Of those two prior claims, the first claim, with a date of disablement of September 18, 2007, was established for occupational bilateral carpal tunnel syndrome and ultimately resulted in claimant receiving schedule loss of use awards of 16.25% for the right hand and 11.25% for the left hand. The second claim alleging a repetitive-use injury to claimant's bilateral wrists was, in an August 2020 decision, disallowed by the Workers' Compensation Board, which found that claimant failed to establish that his alleged injuries were causally related to his employment.[FN1]
In August 2021, a hearing ensued to address the carrier's contention that the instant claim, and the issues raised therein, was duplicative of the second claim that was disallowed by the Board. Following the hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the instant claim, finding that it is "an occupational disease [claim] involving both wrists arising out of . . . claimant's work as an automobile mechanic" and is therefore an attempt to relitigate the previously disallowed claim. Upon administrative review, the Board affirmed the decision of the WCLJ, finding, among other things, that the issue here — to wit, whether claimant demonstrated a causal link between his employment and his alleged repetitive-use injury in his wrist — was identical to the issue raised in the second claim and therefore precluded by the doctrine of collateral estoppel. Claimant appeals.
We affirm. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984] [citations omitted]; accord Matter of Timperio v Bronx-Lebanon Hosp., 203 AD3d 179, 183 [3d Dept 2022]). "The doctrine applies only where the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the party who is being estopped had a full and fair opportunity to litigate the issue in the earlier action" (Simmons v Trans [*2]Express, Inc., 37 NY3d 107, 112 [2021] [internal quotation marks and citations omitted]; accord Bonner v Lynott, 203 AD3d 1526, 1530 [3d Dept 2022]).
The record reflects that the issue of whether claimant sustained a repetitive-use injury to his bilateral wrists was clearly litigated in the second claim and previously decided by the Board in its August 2020 decision. In that decision, the Board disallowed the claim and closed the case, finding that "the record [was] lacking evidence to establish that there was a distinct repetitive work activity that led to the claimant's bilateral wrist symptoms." The Board further found that claimant's testimony did not carry his evidentiary burden, as he "did not persuasively testify to or establish any specific distinct features of his employment which could have led to the development of his bilateral wrist condition." Inasmuch as the issue of whether claimant's repetitive-use injury to his bilateral wrists was causally-related to his employment was already litigated and finally decided by the Board in the second claim, the Board properly precluded relitigation of the same issue in this matter (see Matter of Cerobski v Structural Preserv. Sys., 168 AD3d 1249, 1251 [3d Dept 2019]; Lee v Jones, 230 AD2d 435, 437-438 [3d Dept 1997], lv denied 91 NY2d 802 [1997]). To the extent that claimant's remaining contentions are properly before us in this matter,[FN2] they have been considered and found to lack merit.
Clark, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs.

Footnotes

Footnote 1: Claimant's subsequent application for reconsideration and/or full Board review was denied in an October 2020 decision by the Board.

Footnote 2: Claimant's arguments concerning, among other things, the applicability of Workers' Compensation Law § 123, an alleged change in condition and/or newly obtained medical evidence are more properly the subject of an application for rehearing in the second claim (see 12 NYCRR 300.14; see also Workers' Compensation Board, Request for Further Action by Legal Counsel, RFA-1LC form [May 2022]).