Abele v City of Albany, N.Y. (2023 NY Slip Op 01220)

Abele v City of Albany, N.Y.

2023 NY Slip Op 01220

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

535188
[*1]Mark Abele et al., Respondents,
v
City of Albany, New York, et al., Appellants.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Marisa Franchini, Corporation Counsel, Albany (Robert G. Magee of counsel), for appellants.
Law Offices of Thomas J. Jordan, LLC, Albany (Thomas J. Jordan of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered March 28, 2022 in Albany County, which, among other things, granted plaintiffs' motion for summary judgment.
Plaintiffs are former firefighters and the spouses of deceased former firefighters who retired from their employment with defendant City of Albany before October 20, 2015. During their employment with the City, the retirees were members of the Albany Permanent Professional Firefighters Association (hereinafter the union). On October 20, 2015, the City advised retired firefighters that, beginning January 1, 2016, there would be changes to the health insurance plan — specifically, as relevant here, that retirees would be required to pay annual $250 deductibles for insured individuals and $500 deductibles for insured families. Insofar as this change would affect active union members upon their eventual retirement, the union filed a grievance on behalf of its members, and arbitration proceedings ensued concerning the allegation that the City's unilateral change to retirees' health insurance violated section 27.1 of the collective bargaining agreement then in effect.[FN1] That provision requires the City to attempt to negotiate any changes to the "existing health insurance plan," and if negotiation fails, then an expedited arbitration must determine whether the City's proposal "grants substantially equivalent coverage to members of the bargaining unit." An arbitrator found that the City's failure to negotiate the new deductibles violated section 27.1, and another arbitrator subsequently found that, by imposing deductibles, the City was no longer providing substantially equivalent coverage, such that the City was required to reimburse deductibles paid by all retirees who retired on or after October 20, 2015. Both arbitration awards were confirmed.
In December 2020, plaintiffs, who were not included in the arbitration award because they or their deceased spouses had retired prior to October 20, 2015, the effective date of the award, commenced the instant action against defendants, wherein they alleged a breach of contract and requested a declaratory judgment, and ultimately sought reimbursement for their past and continuing payment of the deductibles. Following joinder of issue, plaintiffs moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court found that plaintiffs had a vested contract right under section 27.1 and that collateral estoppel precluded defendants from relitigating the issue of whether that section was violated. Thus, the court granted plaintiffs' motion for summary judgment and denied defendants' cross-motion. Defendants appeal.
We affirm. Defendants first argue that plaintiffs' rights under their contracts terminated upon their retirement. However, we agree with Supreme Court's conclusion that plaintiffs' right to health insurance without deductibles was a form of deferred compensation earned during [*2]their employment, to which they had a vested right. In determining whether such a right is conferred upon plaintiffs by the respective collective bargaining agreements, we begin by acknowledging that the contract provision in question is ambiguous. Section 27.1 requires the City to negotiate with the union concerning changes to the "existing health insurance plan," but this section is neither expressly limited to active union members (compare Adamo v City of Albany, 156 AD3d 1017, 1019 [3d Dept 2017], appeal dismissed & lv denied 31 NY3d 1041 [2018]), nor does it clearly include retired former union members (compare Kolbe v Tibbetts, 22 NY3d 344, 350 [2013]).[FN2] Given the ambiguity, we may look to past practice to give meaning to the contract. While it is true that past practice "is merely an interpretive tool and cannot be used to create a contractual right independent of some express source in the underlying agreement" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333 [1998]), there is an express source for plaintiffs' claimed contractual right here — namely, section 27.1 and its reference to the "existing health insurance plan."
The record reveals that it was the longstanding practice of the City not to charge deductibles as part of the health insurance plan for retirees. Indeed, an affidavit submitted to Supreme Court by one of the plaintiffs herein, a former union president, reflected that no deductible had been charged to retirees for at least 20 years before his retirement in 2010, and the lack of a deductible was an important factor in his decision to opt into the City's health insurance plan when he retired. Additionally, Holloway v City of Albany (169 AD3d 1133 [3d Dept 2019], lv denied 34 NY3d 901 [2019]), which concerned the very same section 27.1 at issue here, is instructive. In that case, it was noted that a similar decades-long practice by the City of reimbursing retirees' Medicare Part B premiums was a form of deferred compensation earned during employment and therefore was part of the "existing health insurance plan" (id. at 1135). We see no meaningful distinction between Holloway and the instant case. Further, we acknowledge the well-established principle that "the continuation of health insurance payments to current employees after their retirement . . . constitute[s] a form of compensation earned by the employee while employed" (Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1481 [3d Dept 2012], affd 21 NY3d 255 [2013]; accord Matter of Albany Police Benevolent Assn. v New York Pub. Empl. Relations Bd., 202 AD3d 1402, 1405 [3d Dept 2022]). In light of the foregoing, the court correctly determined that plaintiffs have a vested contractual right under section 27.1.
Next, defendants claim that, contrary to Supreme Court's ruling, the doctrine of collateral estoppel did not bar them from litigating the issue of whether they were required to [*3]negotiate the imposition of deductibles for retirees with the union. Collateral estoppel prevents a litigant from raising an issue in subsequent litigation that has previously been decided (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d 113, 116 [3d Dept 2018]). " 'The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action' " (Matter of State of New York [KKS Props., LLC], 149 AD3d 1317, 1318-1319 [3d Dept 2017], quoting Kaufman v Eli Lilly & Co., 65 NY2d at 456). The doctrine "appl[ies] to arbitration awards and preclude[s] subsequent litigation of a claim or issue decided in a prior arbitration against a party" (Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 174 AD3d 1007, 1009 [3d Dept 2019]; see Holloway v City of Albany, 169 AD3d at 1134). We agree with Supreme Court that the issue of whether the City violated section 27.1 by unilaterally imposing deductibles upon retirees was already determined in arbitration, where the City had a full and fair opportunity to argue its position. While defendants contend that collateral estoppel should not apply because plaintiffs, as retirees, were not involved in the underlying arbitrations, identity of parties is not an element of this doctrine (see Simmons v Trans Express Inc., 37 NY3d 107, 111-112 [2021]). Defendants' remaining contentions have been considered and determined to be without merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: It is undisputed that each of the collective bargaining agreements in existence when plaintiffs or their deceased spouses retired contained an identical section 27.1.

Footnote 2: The full text of section 27.1 reads as follows: "If the City wishes to change the existing health insurance plan, the City shall present proposals to the Union for discussion and possible agreement on these proposals. If no proposal is agreed upon, then an expedited arbitration will commence with an arbitrator to be chosen from the list of disciplinary arbitrators. The issue of the arbitration will be whether the new City proposal grants substantially equivalent coverage to members of the bargaining unit. The arbitrator's decision will control as to whether the City has the right to make any such change." We note that the phrase "members of the bargaining unit" appears in connection with the expedited arbitration clause and is not directly related to the "existing health insurance plan."