Moulton-Barrett v Ascension Health-IS, Inc. (2023 NY Slip Op 06289)

Moulton-Barrett v Ascension Health-IS, Inc.

2023 NY Slip Op 06289

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

535869
[*1]Rex Moulton-Barrett, as Executor of the Estate of Maria Moulton-Barrett, Deceased, Appellant,
v
Ascension Health-IS, Inc., et al., Defendants, and Care Manage for All, LLC, et al., Respondents.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Bartlett LLP, Melville (Brian E. Lee of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Eugene D. Faughnan, J.), entered July 13, 2022 in Broome County, which, among other things, granted a motion by defendants Care Manage for All, LLC and Kim Evanoski to dismiss the complaint against them.
In January 2021, plaintiff filed a petition under Mental Hygiene Law article 81 to appoint a guardian of the person and property for his 97-year-old mother (hereinafter decedent), alleging that she suffered from dementia and several other medical conditions rendering her unable to safely take care of her health needs and financial matters. Following a hearing, Supreme Court (Guy, J.) issued an order, entered April 22, 2021, finding, as relevant here, that decedent required assistance in completing many of her daily activities, and as such appointed defendant Care Manage For All, LLC (hereinafter CMFA), a geriatric care manager, as guardian of her person. The court further granted CMFA authority to consent to or refuse medical treatment on behalf of decedent in accordance with her best interests, after consideration of her wishes and moral and religious beliefs.
Decedent died on June 30, 2021 and CMFA filed a petition to be discharged from acting as decedent's guardian. Plaintiff objected to CMFA's discharge and objected to certain expenses related to the cost of decedent's care. Specifically, plaintiff asserted that he was not informed of, and disagreed with, decedent's placement into hospice care, contending the care was against decedent's wishes. Supreme Court determined the objections were without merit, finding that "[d]ecedent was left to control her own decision making, as she wished, to the extent that she was able, under the guidance of a professional geriatric care manager, whose expertise is ideal for such a situation." The court further determined that "[plaintiff]'s disagreement with [decedent's] decisions and his vague, unsupported allegations that they were somehow not hers are insufficient to warrant the allowance of further discovery on that issue." By order entered in September 2021, Supreme Court, among other things, denied plaintiff's objections, granted CMFA payment for its services rendered as guardian and discharged it. Notably, plaintiff did not appeal from that order.
Plaintiff, as executor of decedent's estate, commenced this action in January 2022 relating to the medical treatment that decedent received in 2021 prior to her death. The action consists of four causes of action, including a wrongful death and survival action based on medical malpractice and lack of informed consent against defendants Ascension Health-Is, Inc., Lourdes Memorial Hospital, Inc. and Jerome J. Mikloucich; a wrongful death and survival action against CMFA and its owner, defendant Kim Evanoski, alleging negligence, professional negligence and breach of fiduciary duties; negligent hiring, retention, supervision and/or training against Ascension Health-Is, Lourdes Memorial Hospital and CMFA; and pecuniary [*2]loss and loss of society against all defendants due to alleged reckless and incompetent at-home hospice care resulting in decedent's death. CMFA and Evanoski moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) asserting that the claims in the instant action are barred by collateral estoppel as the issues were considered and decided by Supreme Court's September 2021 order, wherein CMFA was discharged as decedent's guardian. In addition, by separate motion, the remaining defendants also sought to dismiss the complaint against them pursuant to CPLR 3211 (a) (5). Supreme Court (Faughnan, J.) found that, as a result of the September 2021 order, plaintiff was collaterally estopped from commencing this action against CMFA and Evanoski, dismissed the complaint against them, and denied the remaining defendants' motion. Plaintiff appeals, and we affirm.
Plaintiff maintains that Supreme Court erred in finding that the instant action against CMFA and Evanoski is barred by the doctrine of collateral estoppel as they did not demonstrate the identicality and decisiveness of the issue. "Collateral estoppel is a flexible doctrine that precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1410-1411 [3d Dept 2021] [internal quotation marks and citations omitted], lvs denied 37 NY3d 919 [2022], 37 NY3d 919 [2022]; see Abele v City of Albany, N.Y., 214 AD3d 1107, 1109 [3d Dept 2023]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Abele v City of Albany, N.Y., 214 AD3d at 1109 [internal quotation marks and citations omitted]; see Rosen v Kaplan, 161 AD3d 1355, 1356 [3d Dept 2018]).
In dismissing plaintiff's claims against CMFA and Evanoski, Supreme Court determined that the issues raised in the guardianship discharge proceeding are the same as those raised in the instant action, and we agree. As Supreme Court correctly noted, the instant action alleges that CMFA and Evanoski engaged in careless, negligent, reckless and unlawful conduct. The record reflects that these issues were previously litigated in the discharge proceeding, specifically as to whether CMFA had the authority to act, and then acted in a manner consistent with that authority.
As to any claim for professional malpractice, the September 2021 order granted CMFA's request for guardian fees after considering plaintiff's objections. "It is well settled that an adverse determination in an action to recover fees for the rendering of professional services precludes the commencement of a malpractice action with regard [*3]to the same services" (Harris v Stein, 207 AD2d 382, 382 [2d Dept 1994] [citations omitted]; see Ahearn v Arvan, 2 AD3d 469, 470 [2d Dept 2003]). As to the claim for negligent hiring/retention/supervision, the complaint does not contain any allegations that related to any employee or independent contractor of CMFA, except for Evanoski.
The collateral estoppel doctrine "will permit any discrete factual issue necessarily decided in the prior action or proceeding to be given preclusive effect, regardless of the over-all legal context" (Rockwell v Despart, 205 AD3d 1165, 1167 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Wen Mei Lu v Wen Ying Gamba, 158 AD3d 1032, 1036 [3d Dept 2018]). Thus, CMFA and Evanoski met their initial burden of showing that plaintiff's instant action is identical to the issues necessarily decided previously in the discharge of guardian proceeding (see Rosen v Kaplan, 161 AD3d at 1357). Plaintiff has not demonstrated the absence of a full and fair opportunity to litigate the issues in the discharge proceeding and did not appeal from the September 2021 order (see Rockwell v Despart, 205 AD3d at 1167; Emmons v Broome County, 180 AD3d 1213, 1217 [3d Dept 2020]). Accordingly, Supreme Court did not err in finding that the action against CMFA and Evanoski was barred by the principles of collateral estoppel (see Matter of Ingber, 189 AD3d 1933, 1937 [3d Dept 2020]; Wen Mei Lu v Wen Ying Gamba, 158 AD3d at 1036; Corvetti v Town of Lake Pleasant, 146 AD3d 1118, 1121-1122 [3d Dept 2017]). Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.