Matter of Nesconset Ctr. for Nursing & Rehabilitation v Commissioner of Health of the State of N.Y. (2024 NY Slip Op 01219)

Matter of Nesconset Ctr. for Nursing & Rehabilitation v Commissioner of Health of the State of N.Y.

2024 NY Slip Op 01219

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

536191
[*1]In the Matter of Nesconset Center for Nursing and Rehabilitation, as Assumed Name of Nesconset Acquisition, LLC, Appellant,
v
Commissioner of Health of the State of New York et al., Respondents.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Bond, Schoeneck & King, PLLC, Albany (Raul A. Tabora Jr. of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondents.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (David M. Gandin, J.), entered September 14, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner Nesconset Acquisition, LLC was the operator of Nesconset Center for Nursing and Rehabilitation (hereinafter the facility), a residential health care facility in Suffolk County. The facility was an enrolled provider in the Medicaid program at all relevant times, and the Office of the Medicaid Inspector General (hereinafter OMIG) audited its Medicaid reimbursements for the period of February 1, 2008 through December 31, 2014. Prior to the issuance of the final audit report, petitioner transferred its interest in the facility to a new operator, Nesconset Operating, LLC, on February 1, 2019. OMIG thereafter issued a final audit report in April 2019 concluding that there had been Medicaid overpayments made to the facility during the audit period in the amount of $4,591,964.
Petitioner responded to the final audit report in two respects. First, petitioner commenced a declaratory judgment action against respondents in August 2019, arguing that the final audit report was deficient in various respects and seeking a declaration that it was null and void. Second, petitioner requested an administrative hearing to challenge the findings in the final audit report. Respondents moved to dismiss the declaratory judgment action upon the ground that petitioner, as the former operator, lacked standing to sue. Supreme Court (Crecca, J.) granted the motion in a June 2021 order, and petitioner's appeals from that order, as well as a September 2021 order denying renewal and/or reargument, remain pending before the Second Department. The dismissal occurred while the administrative review process was still underway, and it was called to the attention of the Administrative Law Judge (hereinafter ALJ) presiding over the matter. Thereafter, in December 2021, the ALJ issued a decision in which he determined that administrative review had been sought on behalf of the facility, which remained the licensed Medicaid provider and had standing to seek review of the final audit report regardless of the change in ownership, and that any question as to whether petitioner or Nesconset Operating was financially responsible for the overpayment was beyond the ALJ's purview. The ALJ proceeded to uphold the final audit report on the merits.
Petitioner then commenced this CPLR article 78 proceeding in April 2022 seeking to annul the ALJ's determination. In lieu of answering, respondents moved to dismiss the petition upon the ground that the question of petitioner's standing had been resolved against it with preclusive effect or, alternatively, that the facts demonstrated that petitioner lacked standing to sue. Supreme Court (Gandin, J.) granted the motion upon the basis that petitioner was barred by collateral estoppel from revisiting the issue of standing. The court [*2]accordingly dismissed the petition with leave to move for reargument should petitioner prevail in its appeals from the June 2021 and September 2021 orders. Petitioner appeals.
We affirm. "The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984] [citations omitted]; accord Matter of Molnar v JRL S. Hampton, LLC, 212 AD3d 974, 975 [3d Dept 2023], lv denied 39 NY3d 911 [2023]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Abele v City of Albany, N.Y., 214 AD3d 1107, 1109 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Moulton-Barrett v Ascension Health-IS, Inc., 222 AD3d 1064, 1066 [3d Dept 2023]).
There is no question here that petitioner commenced the declaratory judgment action in 2019 to challenge the final audit report and, in that action, had a full and fair opportunity to litigate the issue of whether it had "both an injury-in-fact and [an] asserted injury . . . within the zone of interests sought to be protected by the statute alleged to have been violated" so as to have standing to do so (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). Supreme Court (Crecca, J.) resolved that issue against petitioner because it was no longer "the current operator of [the] facility — i.e., the holder of [the] valid operating certificate — that is entitled to receive Medicaid payments and" was therefore not "the protected party within the statutory zone of interest" (Matter of Park Manor Rehabilitation & Health Care Ctr., LLC v Shah, 129 AD3d 1276, 1278 [3d Dept 2015]). Petitioner now suggests that the issue of standing in this matter is distinct because it is challenging the ALJ determination upholding the findings of the final audit report and that, in that determination, the ALJ specifically noted that counsel for petitioner had requested administrative review of the report and was free to do so because the record reflected that counsel was acting "on behalf of" the facility as allowed by regulation (18 NYCRR 519.7 [a]). Even accepting that petitioner could seek administrative review on the facility's behalf, however, its petition in this matter reiterated that it was the former operator of the facility, only named the current operator, Neconset Operating, as a distinct "interested party," and provided no reason to believe that petitioner was authorized to act on the facility's behalf via this CPLR [*3]article 78 proceeding.[FN1] The record accordingly reflects that petitioner is again attempting to challenge the final audit report — albeit via an indirect route — upon its own initiative, and the question of whether it has standing to do so has already been litigated and resolved against it. Thus, Supreme Court (Gandin, J.) properly granted respondents' motion to dismiss (see Rockwell v Despart, 205 AD3d 1165, 1165 [3d Dept 2022]; County of Suffolk v Long Is. Power Auth., 117 AD3d 770, 771-772 [2d Dept 2014], lv denied 24 NY3d 904 [2014]).
In view of the foregoing, petitioner's remaining contentions are academic.
Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Counsel for petitioner suggests in his affirmation opposing respondents' motion that, in the agreement transferring ownership of the facility, Nesconset Operating authorized petitioner to request the administrative review. He notably fails to make a similar suggestion with regard to this CPLR article 78 proceeding.