Matter of Kaminski v Integrated Structures Corp. (2024 NY Slip Op 01591)

Matter of Kaminski v Integrated Structures Corp.

2024 NY Slip Op 01591

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-22-2295
[*1]In the Matter of the Claim of Zygmunt KaminskI, Respondent,
v
Integrated Structures Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

O'Connell Zavelo LLC, Brooklyn (Anne O'Connell Zavelo of counsel), for appellants.
The Weinstein Law Group, PLLC, New York City (Rudolf B. Radna of counsel), for Zygmunt Kaminski, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed November 16, 2022, which ruled, among other things, that res judicata barred relitigation of the finding that claimant was entitled to 24-hour home health care.
In April 2015, claimant, a construction worker and machinist, fell approximately 20 feet from scaffolding, which resulted in catastrophic injuries and, for several weeks, left claimant in a comatose state. Claimant's ensuing workers' compensation claim was established for injuries to the head, right eye/orbit, bilateral wrists, bilateral ankles, a traumatic brain injury, bilateral hearing loss, neck, back, bilateral hips, left eye, right lung, right inguinal hernia, reactive depression, dermatitis and teeth. In July 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the claim to include both shoulders and knees and found claimant to be permanently totally disabled as a result of his work-related injury. In October 2017, a WCLJ authorized 24-hour home care for claimant pending an independent medical examination (hereinafter IME). Following the submission of an IME from a neuro-psychiatric consultant retained by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), the Workers' Compensation Board ultimately sustained the prior finding by the WCLJ in a July 2018 determination, finding that claimant had a permanent total disability and authorized 24-hour home health care for claimant because of his conditions and inability to perform activities of daily living.[FN1]
In March 2022, the carrier filed a request for further action (form RFA-2) alleging that claimant had failed to attend multiple IMEs. Shortly thereafter, the carrier's consulting neurologist submitted a medical report in which he addressed the question of continued 24-hour home health care and concluded that it was clinically appropriate for claimant to receive only 16 hours of home health care per day. Following a hearing, a WCLJ denied the carrier's request to further develop the record, finding that the Board's authorization of 24-hour home health care for claimant was a matter already litigated and conclusively resolved in the Board's prior December 2017 decision and that no material change in claimant's condition was demonstrated. Upon administrative review, the Board affirmed the decision of the WCLJ, concluding that the carrier was estopped from relitigating the issue of the Board's authorization of claimant's 24-hour home health care because the issue was already decided, and also found that the carrier failed to demonstrate that claimant's overall condition had improved in any respect warranting a reexamination of the Board's prior determination. The carrier appeals.
We affirm. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against [*2]that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984] [citations omitted]). "The doctrine applies only where the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the party who is being estopped had a full and fair opportunity to litigate the issue in the earlier action" (Simmons v Trans Express, Inc., 37 NY3d 107, 112 [2021] [internal quotation marks and citations omitted]; accord Matter of Molnar v JRL S. Hampton, LLC, 212 AD3d 974, 975 [3d Dept 2023], lv denied 39 NY3d 911 [3d Dept 2023]; Bonner v Lynott, 203 AD3d 1526, 1530 [3d Dept 2022]).
The record reflects that the issue of whether 24-hour home health care was appropriate for claimant was clearly litigated by the carrier and previously decided by the Board in its July 2018 decision. In that decision, the Board, having previously determined that claimant had sustained a permanent total disability [FN2] and reviewed the medical evidence before it, including the report from the carrier's consultant, authorized 24-hour home health care for claimant. In so doing, the Board reasoned that claimant's work-related injuries "have left him wheelchair-bound and unable to perform activities of daily living such that the claimant requires continuous care." Further, as the Board indicated, the carrier failed to seek appellate review or reconsideration and/or full Board review of the Board's prior decisions finding that claimant was permanently totally disabled and required 24-hour home health care. Accordingly, inasmuch as the issue of claimant's home health care was already litigated and finally decided by the Board, the Board properly precluded relitigation of the same issue in this matter (see Matter of Molnar v JRL S. Hampton, LLC, 212 AD3d at 976; Matter of Cerobski v Structural Preserv. Sys., 168 AD3d 1249, 1251 [3d Dept 2019]; Lee v Jones, 230 AD2d 435, 437-438 [3d Dept 1997], lv denied 91 NY2d 802 [1997]). Claimant's arguments concerning an alleged change in medical condition and/or newly obtained medical evidence are more properly the subject of an application for rehearing (see 12 NYCRR 300.14; see also New York State Workers' Compensation Board, Request for Further Action by Legal Counsel, RFA-1LC form [May 2022]). To the extent that the carrier's remaining contentions are properly before us in this matter, they have been considered and found to lack merit.
Egan Jr., J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: The Board also found that, although the carrier's consultant recommended that claimant reside in a rehabilitation facility, there was no evidence that he was in such a facility. As such, the Board rescinded, without prejudice, a prior direction for the carrier to pay for the 24-hour care at a rehabilitation facility.

Footnote 2: The Board also previously determined, in its October 2017 decision, that claimant sustained a permanent total disability.